## (March 28, 1977)

■ GINETTE MORIN, Doing Business as BI-LINGUAL AGENCY, Appellant, v CURTIS ASSOCIATES PERSONNEL, INC., et al., Respondents.—Order, Supreme Court, New York County, entered August 31, 1976, dismissing the complaint, unanimously affirmed. Respondents shall recover of appellant $60 costs and disbursements of this appeal. Plaintiff-appellant doing business under the name Bi-Lingual Agency commenced this action and also filed complaints with the Commissioner of Consumer Affairs charging defendants-respondents with violating section 187 of the General Business Law by use of the word "bi-lingual" in their advertising so as to cause confusion with appellant's name. The court below dismissed the complaint for lack of subject matter jurisdiction and we affirm for the reasons stated by that court and upon the additional authority of *Greater New York Mut. Ins. Co. v Wehinger Serv.* (NYLJ, May 14, 1974, p 2, col 2, affd 47 AD2d 604, mot for lv to app den 36 NY2d 643). In that case the court held that the prohibition of section 187 of the General Business Law "is to be enforced in this locality by the Commissioner of Consumer Affairs of New York City (General Business Law, § 189), and the only remedy available to plaintiff with respect to the statute is the administrative procedure detailed herein." Furthermore, even if, as appellant contends for the first time on appeal, the complaint spelled out a cause of action for fraud and deceit in addition to the allegations of violation of section 187 of the General Business Law, we would dismiss such cause of action on the merits. Concur—Lane and Nunez, JJ.; Kupferman, J. P., and Silverman, J., concur in the following memorandum by Silverman, J.: Examination of the complaint indicates an ordinary claim of unfair competition based on a claim that plaintiff's trade name has acquired a secondary significance. Such a claim is within the subject matter jurisdiction of the Supreme Court. But it plainly appears from the complaint that in fact plaintiff's trade name has not acquired secondary significance and, therefore, the complaint must be dismissed.